(No. 82-CC-1857–)

THEODORE J. CATTONI, JR., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed June 15, 1983.*

LAMBERT, LEVINSON, WANNINGER & CANNA, for Claimant.

NEIL F. HARTIGAN, Attorney General (SANDRA L. ANDINA, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This matter comes before the Court upon a joint stipulation filed by the parties hereto.

The question involved here is whether or not the mailing of a notice to the clerk of the Court of Claims and to the Attorney General on August 10, 1981, which was not received by them, and the mailing of a second notice on January 7, 1982, more than six months after the alleged personal injury, and which was received by the addressees, was sufficient to comply with notice requirements of the notice statute of the Court of Claims Act.

Section 22—1 of the Court of Claims Act (Ill. Rev. Stat. ch. 37, par. 439.22—1), which is the section involved here, states that the required notice must be filed *in* the office of the Attorney General and *in* the office of the clerk of the Court of Claims.

The joint stipulation is as follows:

"Now come Claimant and Respondent by and through their respective attorneys and, for the purposes of expediting decision of Respondent's Motion to Dismiss, stipulate as follows regarding the attached Notice of Claim for Personal Injuries:

1. That said Notice was mailed by Claimant, as stated in the affidavit of Susan M. Semens, on August 10, 1982, to both addressees.

2. That said notice was not received by either the Clerk of the Court of Claims or the Office of the Attorney General until after it was mailed a second time on January 7, 1982."

The purpose of the requirement notice is to afford the State an early opportunity to investigate a claim. If the notice is not actually received, then the legislative purpose is thwarted or evaded. Mail sent by ordinary mail, rather than certified or registered mail with return receipt requested, which does not arrive at its destination, is actually never *in* the addressee's office.

It is the opinion of the commissioner who received the stipulation and it is the opinion of the Court that one who mails a notice to the Attorney General and to the clerk and who does not take the precaution of sending it registered or certified mail takes the risk that the notice will never be in the required office. It is the opinion of this Court that the notice requirement of the statute was for the distinct purpose of giving the State of Illinois a chance to investigate any and all claims and thus protect the taxpayers of the State.

It is the further opinion of the Court that the stipulation in question does not satisfy the requirements of the statute and that the motion of Respondent to dismiss be granted.

This cause is dismissed.